Dr. J. H. Font, demandante y apelado, *v.* Sucn. Desconocida de Antonio Concepción Rodríguez, demandada, y El Pueblo de Puerto Rico, interventor-demandado-apelante.

No. 5447.—*Sometido:* Junio 9, 1931. *Resuelto:* Julio 29, 1932.

*Hon. Attorney General James R. Beverley* y *Felipe Janer, Subprocurador,* abogados del apelante; *M. Marcos Morales,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El Dr. Juan H. Font demandó a la sucesión de Antonio

Concepción Rodríguez, fallecido en el pueblo de Cidra de esta Isla el 4 de noviembre de 1927 sin descendientes, ascendientes ni sucesores conocidos para que le pagase los servicios médicos que le prestó a aquél desde enero de 1926 hasta agosto 2 de 1927 por los cuales reclamó como valor razonable la cantidad de $6,000. El Sr. Cónsul de España compareció en nombre de los herederos desconocidos y solicitó que se detallasen los servicios (*bill of particulars*) lo que hizo el demandante, pero el demandado no hizo más alegación y la corte dictó sentencia en rebeldía de la sucesión demandada, la que más tarde dejó sin efecto a instancia de El Pueblo de Puerto Rico que compareció como único heredero y contestó la demanda haciendo una negación general de sus alegaciones. Un mes después, al comenzar el juicio, El Pueblo de Puerto Rico alegó como excepción previa que la demanda no aduce hechos determinantes de causa de acción, la que fué resuelta en contra de esa parte al ser dictada la sentencia, declarándose por ésta con lugar la demanda y fijando los honorarios a cobrar en la cantidad de $5,000. Contra ese fallo se ha interpuesto esta apelación por El Pueblo de Puerto Rico.

■ Tres son los motivos en que se funda para sostener su recurso, siendo el primero de ellos que la corte sentenciadora cometió error al declarar sin lugar la excepción previa que formuló contra la demanda; y lo argumenta diciendo que no basta que se alegue que se han prestado los servicios, sino que es necesario que la demanda exprese que se prestaron a solicitud y requerimiento del demandado. Tal alegación no es necesaria cuando los servicios han sido prestados a la persona a quien se cobran, aunque esté representada por sus herederos como ocurre en este caso.

■ Los otros motivos de error pueden ser considerados conjuntamente pues el segundo se refiere a la apreciación de la prueba y el tercero a haber considerado la corte senten-

ciadora que los servicios del demandante tienen un valor de $5,000.

La prueba del demandante es clara, abundante y precisa respecto a que prestó a Antonio Concepción Rodríguez servicios médicos durante un año y siete meses en todas sus enfermedades y especialmente en su padecimiento de colecistitis crónica y úlcera duodenal, practicando en el paciente exámenes radiológicos, tratamientos intravenosos, exámenes clínicos, masajes prostáticos, drenajes de las vías biliares, aplicaciones de cuarzo, exámenes de orina, de excreta, de sangre, de jugo gástrico y de esputos, y por tomar placas radiográficas; y también en otras enfermedades como piorrea. La parte apelante no presentó prueba en contrario y no podemos sostener el segundo de los errores alegados.

En verdad, la única controversia entre las partes ha sido en cuanto al valor razonable de los servicios cuyo pago se reclama. Respecto de ellos declararon dos médicos presentados por el demandante. El Dr. José González con práctica de veintiún años valoró esos servicios en $10,000. El Dr. Pedro Rivera Aponte, Director de la unidad de salud pública de Cayey y con trece años de experiencia, los justipreció en $7,000. El demandado presentó como perito suyo al Dr. Miguel Roses Artáu con veintiséis años de ejercicio de su profesión, quien dijo que el demandante es no solamente una mentalidad sino algo más; valoró los distintos servicios médicos prestados por el demandante teniendo en cuenta la labor solamente y concluyó por decir que tales servicios tienen un valor intrínseco de $2,500 a $2,800. Entendemos que este perito no quiso valorar los servicios en relación con la persona que los prestó.

El apelante dice que la corte inferior pasó por alto la declaración del Dr. Roses Artáu. Esto no es así pues en su relación del caso y opinión se refiere a ella. Lo que sucede en estos casos es que es muy difícil fijar el verdadero valor razonable de los servicios profesionales. Esto se ve aun con

los mismos médicos, pues mientras uno de los del demandante valoró los servicios en $7,000 otro los fijó en $10,000, y el perito médico del demandado los justipreció en $2,500 a $2,800 y la corte inferior los fijó en $5,000, cantidad distinta a la de los tres peritos. A nosotros nos parece que un valor de $3,000 resulta razonable y equitativo, teniendo en cuenta también que no resulta que la asistencia que el demandante prestó a Antonio Concepción Rodríguez lo privara de otras ocupaciones de su profesión.

*La sentencia apelada debe ser modificada en el sentido de fijar en $3,000 el valor razonable de los servicios profesionales y así modificada confirmarse.*

El Juez Asociado señor Córdova Dávila no intervino.