ANTONIO GARCÍA SANJURJO, demandante y apelante, v. NICOLÁS TRILLA, demandado y apelado.

No. 6775.—*Sometido:* Noviembre 9, 1934. *Resuelto:* Enero 18, 1935.

*José Sabater,* abogado del apelante. *A. Ramírez Silva,* abogado del apelado; *Ángel Arroyo Rivera,* como *amicus curiae.*

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Antonio García Sanjurjo inició procedimiento de desahucio contra Nicolás Trilla para obtener la posesión de una casa ubicada en propiedad del referido demandante, fundado en que él era dueño de ella por haberla comprado en subasta. Nicolás Trilla alegó en su defensa que la casa constituye su hogar seguro y la Corte de Distrito de Mayagüez así lo resolvió. En apelación ambas partes radicaron alegatos, pero el Lic. Angel Arroyo Rivera, con permiso de la corte, compareció como *amicus curiae,* adujo argumentos en favor de la revocación de la sentencia y archivó alegatos.

El *amicus curiae* admite que existen jurisdicciones en que puede surgir el derecho de hogar seguro sobre propiedad cedida en arrendamiento, pero sostiene que la corriente general de las autoridades es en sentido contrario; que de

ordinario el derecho de hogar seguro debe ser inherente al suelo. Examinó y discutió el primer artículo de la Ley de Hogar Seguro, que dispone lo siguiente:

"Que todo jefe de familia, que tenga familia, tendrá derecho a una finca de *homestead*, hasta el valor de quinientos dollars ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como su residencia; y dicho *homestead* y todo derecho o título sobre el mismo estará exento de embargo, sentencia, exacción o ejecución, excepción hecha de las contribuciones que adeudare, el valor de la venta (compra) de dicha propiedad o la responsabilidad incurrida por mejoras que se hicieren en la misma, y excepción hecha también de lo que más adelante se establece; *Disponiéndose*, que en caso de arrendamiento u otro contrato análogo nada de lo contenido en esta ley se interpretará en el sentido de que se prohiba al dueño o propietario de dicha estancia, plantación o predio de terreno, y de los edificios contenidos en el mismo, entrar de nuevo en posesión de dicha propiedad de acuerdo con lo estipulado en dicho contrato de arrendamiento o convenio, al faltarse al cumplimiento de las condiciones del mismo."

En el presente caso Trilla era originalmente arrendatario del solar en que se halla enclavada la casa, pero a nuestro juicio, de los autos se desprende claramente que al iniciarse el presente litigio tenía título solamente de la casa de la cual estaba en posesión. No está envuelta cuestión alguna de arrendamiento del solar, ni se ha hecho indicación alguna sobre el derecho a entrar a la propiedad con motivo del incumplimiento del contrato de arrendamiento.

La reclamación del apelante surgió debido a una deuda contraída por Trilla por falta de pago de los cánones de arrendamiento. García Sanjurjo entabló demanda contra Trilla en cobro de la deuda y obtuvo sentencia a su favor. A instancia de García Sanjurjo ésta fué ejecutada contra la casa en que Trilla alegaba tener su hogar seguro. La escritura otorgada por el márshal en favor de García Sanjurjo

ha sido copiada en los autos. Dos de los párrafos de la misma leen como sigue:

"SEGUNDO: Que en virtud del expresado mandamiento de ejecución de sentencia, el márshal compareciente procedió a anunciar y anunció que vendería en pública subasta al mejor postor, el día seis de abril de mil novecientos treinta y cuatro, en su oficina, que está situada en la corte municipal de Mayagüez, y a las dos de la tarde, todo el derecho, título e interés que el demandado Nicolás Trilla, tuviera en la siguiente finca:

"Casa de madera, cubierta de zinc, en mal estado, con balcón al frente, de diez y ocho pies de frente por veinte pies de fondo, enclavada en un solar de la Urbanización García Sanjurjo, del barrio París de esta ciudad de Mayagüez, que colinda al Norte, Sur y Oeste con más solares de don Antonio García Sanjurjo, y Este con la calle número siete de dicha urbanización. Dedicada a vivienda."

Este pleito, según el apelante, hizo que el título de la casa le correspondiera y trata de obtener posesión de la misma. A nuestro modo de ver, es evidente que García Sanjurjo, mediante todas sus actuaciones admitió que hasta el momento en que el márshal otorgó la escritura, Trilla era el dueño de la casa, se hallaba en posesión de la misma y la construyó de buena fe. García Sanjurjo aceptó una especie de dominio en la casa que aún se hallaba unida al suelo. Debe resolverse que bajo las circunstancias especiales de este caso la casa está sujeta a la reclamación de hogar seguro al igual que cualquier otro inmueble.

El apelante también suscitó la cuestión de *estoppel*. Sostuvo que el derecho de hogar seguro debió haberse planteado en el procedimiento sobre cobro de cánones de arrendamiento. Desde luego, un pleito en cobro de dinero no demuestra sobre qué propiedad ejecutará el acreedor en caso que obtenga sentencia a su favor. De la escritura otorgada por el márshal no se desprende que Trilla fuera notificado de la subasta o que el márshal practicara incautación (*levy*) alguna de la casa. Cuando se alega una cuestión de impedimento (*estoppel*) o renuncia (*waiver*) los autos deben de-

mostrar que una persona como Trilla tuvo la oportunidad de presentar su reclamación de hogar seguro.

Independientemente de cualquiera de las consideraciones que inmediatamente preceden, no estamos convencidos de que se perdiera el derecho a hogar seguro al efectuar o tratar de efectuar el márshal la ejecución.

*Debe confirmarse la sentencia apelada.*