MIGUEL J. ARZUAGA, demandante y apelado, *v.* CÁNDIDO RAMÍREZ MUÑOZ, demandado y apelante.

Núm. 7077.—*Sometido:* Diciembre 11, 1935. *Resuelto:* Mayo 29, 1936.

*Llorens Torres & O'Neill,* abogados del apelante; *González Fagundo & González, Jr.,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Luego de un procedimiento sumario al amparo de la Ley Hipotecaria en que el acreedor hizo que se le adjudicase la finca hipotecada, este último inició un pleito de desahucio y obtuvo sentencia a su favor. En apelación las partes han discutido el derecho de hogar seguro reclamado por el deudor. El apelado sostiene que no se suscitó defensa alguna de hogar seguro en la contestación. Durante el curso del juicio sucedió que el demandado reclamaba el derecho de hogar seguro y demostró que había hecho la reclamación en el procedimiento ejecutivo de manera que, en oposición a la reclamación del demandante, se presentó esta defensa. La

contestación, de ser necesario, puede considerarse como enmendada. El pleito fué uno entablado en precario y el apelante sostiene que cuando existe un derecho insoluto de hogar seguro, el deudor no posee en precario.

La sección 4 de la Ley de Hogar Seguro dispone:

"Que no se hará venta alguna, por virtud de sentencia o ejecución, de ninguna estancia, plantación o predio de terreno, y de los edificios contenidos en el mismo, cuando se reclamare u ocupare dicha finca como *homestead,* a menos que se obtenga por ella una suma mayor de quinientos dollars ($500). En caso que dicha estancia, plantación o predio de terreno y los edificios en el mismo, se vendieren por más de quinientos dollars, el excedente sobre la suma últimamente citada, se pagará al acreedor y la suma de $500 se pagará al deudor, y estará libre de ejecución en virtud de sentencia o decreto por un período de treinta días; *Disponiéndose,* que esta sección no será de aplicación a ninguna venta que se haga para obligar al pago de contribuciones que adeude dicha propiedad, o a la deuda o gravamen incurrido para (por) la compra de la misma, o para las mejoras que en ella se hicieren, o cuando se hiciere dicha venta en virtud de traspaso en que se haga renuncia de la exención que dispone la sección 3 de esta Ley."

A tenor de la misma cuando se efectúa una venta en efectivo por una suma mayor de quinientos dólares y los funcionarios de la corte tienen en su poder quinientos dólares para el deudor, el derecho de hogar seguro de éste desaparece. Sin embargo, cuando se adjudica la propiedad al acreedor y éste no paga al deudor o consigna en corte el importe del hogar seguro reclamado, no procede una acción de desahucio. Al menos ésa es nuestra opinión por el presente y quizá está sostenida hasta cierto punto por *García* v. *Trilla,* 47 D.P.R. 922.

El apelado parece reconocer este punto, toda vez que después de terminado el pleito de desahucio y luego de una apelación anterior, consignó en corte quinientos dólares. El apelante insiste en que este pago no podía tener efecto retroactivo y dar al apelado una causa de acción que no existía al tiempo de iniciarse el litigio. Nuestro mejor criterio es

que el pleito de desahucio fué instruído prematuramente y que no podía surgir ni surgió una causa de acción hasta que se hizo la debida consignación.

*Debe revocarse la sentencia y declararse sin lugar la demanda.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.