Rita Santos Señeriz, demandante y apelante, *v.* Dominga González o Dominga de Jesús y Juan de Jesús García, demandados y apelados.

Núm. 7704.—*Sometido:* Noviembre 16, 1938. *Resuelto:* Abril 28, 1939.

*Antonio L. López,* abogado de la apelante; *González Fagundo & González, Jr.,* abogados de la apelada Sra. González.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Éste es un pleito de desahucio en precario iniciado ante la Corte de Distrito de Humacao. La demandante alegó ser dueña de cierta finca que describe, que los demandados detentaban la posesión de la misma sin pagarle canon o merced de clase alguna y contra la expresa voluntad de la demandante, y que se había solicitado de éstos que desocuparan la finca. La contestación negó los hechos esenciales de la demanda y adujo como defensa especial que la demandada en unión a su esposo tenía derecho a una casa enclavada dentro de los límites de los terrenos que trataba de recobrar la demandante. En la contestación también se alegó que la demandada Dominga González estaba casada con Elías Benítez

y que en su consecuencia ella tenía un derecho de hogar seguro sobre la casa donde vivía.

Sucede que en 1932 Ramón Santos León vendió a Elías Benítez, quien estaba casado con Dominga González, un trozo de terreno en Caguas; que el comprador quedó a deber parte del precio de la compraventa al vendedor; que este último obtuvo sentencia por dicho saldo contra el referido comprador y por sentencia adquirió no sólo el título del terreno en cuestión sino también la casa que se había construído en el mismo, según parece. Se desprende que la casa fué construída en dicho terreno después de efectuarse la venta a Benítez pero antes de iniciarse el pleito anterior en cobro del precio aplazado. Es contra la esposa de Elías Benítez. o sea contra Dominga González, que se ha iniciado el presente recurso de desahucio en precario.

La corte inferior no estuvo de acuerdo con lo alegado en la contestación al efecto de que la demandada era dueña absoluta de la casa, mas sí convino con Dominga González, la demandada, en que ella tenía derecho al hogar seguro, de acuerdo con el caso de *García* v. *Trilla,* 47 D.P.R. 922. Ése fué un caso en que los demandantes reconocieron el dominio o una especie de dominio en una casa que se había construído en el terreno, así como que dicha casa estaba sujeta a la reclamación de *homestead.* El pleito iniciado contra Trilla fué para recobrar los cánones de arrendamiento adeudados, se dictó sentencia por determinada suma de dinero y fué al tratar de ejecutarse la sentencia sobre la casa que la parte demandada suscitó la cuestión de hogar seguro.

En el presente caso la apelante demuestra que su predecesor en título, conforme se dice más arriba, obtuvo sentencia contra el demandado en el pleito anterior, o sea contra Elías Benítez; que el pleito fué apelado y desestimado por la corte de distrito; que, en ejecución de dicha sentencia, el solar perteneciente a Benítez fué vendido y que en la referida venta se incluyó también la casa en cuestión. Para aquel en-

tonces no se suscitó cuestión alguna de hogar seguro por el marido ni por ninguna otra persona, y la apelante sostiene que el derecho de hogar seguro había prescrito. La sección 6 de la ley de 1936 (Ley Núm. 87 de ese año, págs. 461, 465) dispone:

"En caso de no formularse reclamación alguna ante el oficial encargado de verificar la subasta, la persona con derecho a la reclamación de *homestead* podrá dentro del término de sesenta (60) días, contados desde la fecha en que la subasta se celebró, entablar acción ordinaria correspondiente."

No se entabló acción alguna dentro del término de sesenta días.

La escritura de venta judicial fué inscrita en el registro de la propiedad en 9 de octubre de 1935. La propiedad fué más tarde vendida por Ramón Santos León a Rita Santos Señeriz, demandante en el presente recurso de desahucio. La apelante sostiene que al efectuarse la venta del terreno y de la casa no quedaba ningún derecho de propiedad al demandado, y por consiguiente, tampoco a su esposa.

En el caso de *Schuck* v. *Verdejo*, 43 D.P.R. 965, resolvimos mediante una corte dividida que la reclamación del título de toda una propiedad era inconsistente con la reclamación de hogar seguro.

La apelante también sostiene que la regla general o la presunción es que todo aquello que se construye sobre el terreno forma parte integrante del mismo. En otras palabras, que lo accesorio sigue lo principal. Ni el legajo de sentencia ni la transcripción de la evidencia demuestran que la casa estuviera inscrita. La apelante no da énfasis al hecho de haberse dejado de inscribir el dominio de la casa. Insiste sí, no obstante, en que el derecho de hogar seguro nunca fué suscitado hasta que se presentó este recurso de desahucio y que para esa época ella había adquirido el pleno dominio de la casa y del solar. Así lo sostuvo la corte, mas resolvió el caso en favor del derecho de hogar seguro.

*No podemos ver tal derecho de hogar seguro en este caso y la sentencia debe ser revocada.*

El Juez Presidente Sr. Del Toro no intervino.

El Juez Asociado Sr. Hutchison disintió.[*]